■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD GRAY, Appellant, v. ROSS E. HEROLD, as Director of Dannemora State Hospital, Respondent.— Upon respondent Warden's concession and consent, order reversed, on the law and the facts, without costs, and issuance of writ upon relator's petition of October 4, 1963 directed. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERMAN EDWARD FLOYD, Respondent, v. DANIEL E. DAMON, JR., as Superintendent of the Elmira Reformatory, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Appeal from an order of the Supreme Court, Chemung County, granting relator's petition for a writ of habeas corpus and directing his release from custody at the Elmira Reformatory. On August 10, 1959 relator was declared in violation of parole. However, on October 6, 1959, before he was apprehended for such violation, relator was arrested by the New York City Police for new crimes. Subsequently relator plead guilty to a violation of section 1751-a of the Penal Law as a misdemeanor, and on February 3, 1960 was sentenced to an indefinite term in the New York City Penitentiary pursuant to article 7-A of the Correction Law. Thereafter, relator established that this sentence was erroneous, and on August 16, 1961 the original sentence was vacated and relator sentenced to a term of one year in the city penitentiary. Under this sentence relator's maximum sentence expired on October 6, 1960. Relator claims, and the court below has upheld his contention, that he is entitled to credit against his prior unexpired sentence for the period between October 6, 1960, the date his corrected sentence expired, and March 7, 1961, the date the parole detainer warrant became effective. The court below based its determination on the provisions of section 2193 of the Penal Law, particularly subdivision 3, and on the grounds that "with a parole violation warrant out against him, relator was in the constructive custody of the respondent during the period he was wrongfully detained in the New York City Penitentiary." We cannot agree. First we see no basis for holding that relator was in "constructive custody" of the Board of Parole while he was wrongfully detained by the city authorities. During the entire period in dispute complete custody at all times was in the city authorities (see *People ex rel. Leibowitz* v. *La Vallee*, 17 A D 2d 887, mot. for lv. to app. den. 12 N Y 2d 645, cert. den. 373 U. S. 946). The board at no time had even the semblance of custody and its parole detainer warrant had absolutely no effect on relator's confinement during this period. Secondly we do not find section 2193 applicable to the instant situation. Subdivisions 1 and 2 dealing with confinement prior to conviction and sentence and detention for parole violation respectively cannot apply here. Similarly subdivision 3 has no applicability since relator's detention did not result from charges of new crimes which charges were ultimately dismissed or relator acquitted thereof. Rather relator was convicted of such charges, and his improper detention was solely the result of an error in the sentencing procedure (see *People ex rel. Valentino* v. *Conboy*, 12 A D 2d 706). Order reversed, on the law and the facts, and petition dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.